# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS AYALA,           ) | |
| Plaintiff,              ) | |
| vs.                     ) | Case No. 19-cv-33-NJR |
| SHAUN C. GEE,           ) | |
| JANA K. CARIE,          ) | |
| ELDON L. COOPER,        ) | |
| NICHOLAS R. LAMB,       ) | |
| J. GARRETT,             ) | |
| C/O SIMS,               ) | |
| JEFFEREY STRUBHART,     ) | |
| J.K. PERRY,             ) | |
| DEBBIE KNAVER,          ) | |
| JOHN R. BALDWIN,        ) | |
| and JOHN/JANE DOE,      ) | |
| Defendants.             ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Carlos Ayala, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while at Menard Correctional Center ("Menard"), the defendants violated his due process rights in relation to a disciplinary report he received for an inmate protest. Plaintiff also alleges that he suffered unconstitutional conditions of confinement in segregation after his transfer to Lawrence Correctional Center ("Lawrence"). He asserts claims against the defendants under the Eighth and Fourteenth Amendments. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: On March 5, 2017, Plaintiff received a disciplinary ticket written by Shaun C. Gee related to his alleged participation in a physical altercation with guards as part of an inmate protest in the yard on February 23, 2017. (Doc. 1, p. 3). Plaintiff was charged with dangerous disturbance, security threat group or unauthorized organization activity, and disobeying a direct order. (*Id*. at p. 4). Plaintiff alleges that there was no evidence to substantiate these charges. (*Id*.). Plaintiff requested a review of the camera footage and witnesses for his hearing before the adjustment committee. (*Id*. at p. 5). He handed his request to C/O Sims on March 5, 2017, and he provided the same request to adjustment committee members Jana K. Carie and Eldon L Cooper, but his request was ignored. (*Id*.).

At the hearing before the adjustment committee on March 9, 2017, Plaintiff provided the committee with a written statement and again requested witnesses and a review of the security camera footage. (Doc. 1, p. 5). Plaintiff also informed the adjustment committee that he was served with a notice past the time allowed by IDOC Rule 20 Ill. Admin. Code 504. But Plaintiff was found guilty of the charges on March 20, 2017. (*Id*.). Plaintiff alleges that the disciplinary findings included "doctored" documents and failed to include any exonerating evidence. (*Id*.). Jacqueline Lashbrook and Nicholas R. Lamb approved the findings of the adjustment committee. (*Id*. at p. 4).

Plaintiff wrote grievances both before and after the hearing, but the grievances were denied. (*Id*. at pp. 5-6).

As a result of the guilty finding, Plaintiff was transferred to Lawrence Correctional Center and placed in segregation. Although not clear from the Complaint, Plaintiff indicates that he served a long term in segregation at Lawrence where he experienced unconstitutional conditions of confinement. Plaintiff alleges that his mattress was flat, and he was not issued a pillow. (Doc. 1, p. 7). His cell lacked hot water. (*Id*.). He was only allowed one shower per week; the rest of the week he had to wash in the cold water from his sink in frigid temperatures, because there was no heat in the cell. (*Id*.). The lights in his cell remained on for long periods of time. The toilet was covered in mold and fecal matter, and he was not provided with sufficient cleaning materials to clean the toilet. (*Id*. at p. 8). His cell also was infected with insects. (*Id*. at p. 9). Plaintiff also alleges that the meal portions were small and did not meet adult calorie requirements. (*Id*. at p. 8). Plaintiff was provided with shoes made out of rubber and cardboard that failed to protect him from the cold weather. (*Id*. at p. 9). Plaintiff informed Warden Nicholas R. Lamb, Jamey Garrett, and John Doe wing staff of these conditions, but they did nothing to remedy his situation. (*Id*. at p. 10).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **Shaun C. Gee, Jana K. Carie, Eldon L. Cooper, Nicholas R. Lamb, Jamey Garrett, C.O. Sims, Jeffery Strubhart, J.K. Petty, Debbie Knaver, and John Baldwin violated Plaintiff's due process rights under the Fourteenth Amendment when they refused his request for witnesses and video footage and failed to base their decision on adequate evidence.**

**Count 2:** **Nicholas K. Lamb, Jamey Garrett, and John Doe wing staff were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement while in segregation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Count 1

Plaintiff states a viable claim for due process violations against C.O. Sims, Jana K. Carie, Eldon L. Cooper, Jacqueline Lashbrook, and Nicholas R. Lamb.[2] Plaintiff establishes, at least at this stage, an adequate liberty interest, because he alleges a long stint in segregation and that the conditions posed an "atypical and significant hardship". *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). He also adequately alleges due process violations by Defendants Sims, Carie, Cooper, Lashbrook, and Lamb. Plaintiff requested both witnesses and video footage from Sims, Carie, and Cooper but was denied the opportunity to present the evidence at his disciplinary hearing. He also alleges that the disciplinary report lacked sufficient evidence to support the charge—but Carie and Cooper still found him guilty of the charges, and Lashbrook and Lamb signed off on the decision. At this stage, the Court finds that this states a claim for violation of Plaintiff's due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

As to Shaun C. Gee, however, Plaintiff fails to state a claim for violation of his due process rights. The Complaint alleges that Gee issued Plaintiff a disciplinary ticket on March 5, 2017, although it was authored on February 27, 2017. Plaintiff alleges that this was a violation of 20 Ill.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Plaintiff also alleges a claim for "indemnification." Although titled as a separate claim, it is not separate, but instead is a request that IDOC pay compensatory damages for its employees in the event of a judgment.

Admin. Code 504.30(e) ("In no event shall a disciplinary report be served upon an offender more than eight calendar days after the commission of an offense or the discovery of an offense."). Standing alone, however, the violation of a prison regulation does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Plaintiff's allegations against Gee only set forth a violation of an administrative rule and not a constitutional violation. Plaintiff fails to allege a due process violation in relation to the late issuance of the disciplinary report. Thus, the Court **DISMISSES without prejudice** the due process claim against Shaun C. Gee.

Plaintiff also fails to state a viable due process claim against Jamey Garrett, Jeffery Strubhart, J.K. Petty, Debbie Knaver, and John Baldwin. Jamey Garrett was the counselor at Lawrence. There are no allegations that he participated in Plaintiff's disciplinary hearing at Menard. Thus, he is **DISMISSED without prejudice** from Count 1.

As to grievance officer Jeffery Strubhart, grievance officer J.K. Petty, Debbie Knaver, and John Baldwin, Plaintiff fails to allege any violation of his constitutional rights. Plaintiff merely lists these individuals in a list of defendants whose "acts and omissions caused Plaintiff to be placed in segregation." (Doc. 1, p. 11). Plaintiff does allege that he wrote a number of grievances, both before and after the disciplinary hearing, in opposition to the report and the board's decision. (*Id*. at pp. 5-6). Unfortunately, however, he does not specifically identify the individuals who reviewed his grievances. Further, while an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it", *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)), the denial or mishandling of a grievance—standing alone—is not enough to

violate the United States Constitution. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). The simple denial of Plaintiff's grievances by grievance officials fails to state a claim for violations of Plaintiff's due process rights. Plaintiff fails to allege that these individuals participated in the alleged due process violations. Accordingly, the Court **DISMISSES without prejudice** Jeffery Strubhart, J.K. Petty, Debbie Knaver, and John R. Baldwin.

**Count 2**

Plaintiff also states a viable claim against Nicholas K. Lamb and Jamey Garrett for deliberate indifference to the conditions of his cell while in segregation. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Plaintiff alleges that he faced unconstitutional conditions in segregation to include a number of issues with his cell, clothing, and food. He also informed both Lamb and Garrett of the conditions in person and through the grievance process. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("A prisoner's statement that he repeatedly alerted" personnel of a condition and they did nothing states a claim.).

As to the John Doe wing staff, however, Plaintiff fails to state a claim. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Plaintiff has instead attempted to implicate an amorphous collection of unnamed individuals in connection with his allegations in Count 2 by stating that he informed "wing staff", which is insufficient to state a claim. Thus, the Court **DISMISSES without prejudice** the

John/Jane Doe Defendants because Plaintiff has failed to identify a specific John/Jane Doe wing staff officer that he spoke to regarding the conditions in segregation.

## Motion for Counsel

In his Motion for Counsel (Doc. 2), Plaintiff indicates that he has sent letters to several attorneys who have declined to take his case. He has not, however, indicated why he needs counsel in this case. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Therefore, Plaintiff's Motion for Counsel (Doc. 2) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For these reasons, Count 1 shall proceed against Jana K. Carie, Eldon L. Cooper, C.O. Sims, Jacqueline Lashbrook, and Nicholas R. Lamb but shall be **DISMISSED without prejudice** as to Shaun C. Gee, Jamey Garrett, Jeffery Strubhart, J.K. Petty, Debbie Knaver, and John Baldwin for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate Shaun C. Gee, Jeffery Strubhart, J.K. Petty, Debbie Knaver, and John Baldwin from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Count 2 also shall proceed against Nicholas R. Lamb and Jamey Garrett. John/Jane Doe wing staff, however, shall be **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to terminate the John/Jane Doe from CM/ECF.

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Although Plaintiff has paid his full filing fee, the Court will order service of process at the Government's expense. The Clerk of Court shall prepare for Defendants Jana K. Carie, Eldon L. Cooper, C.O. Sims, Jacqueline Lashbrook, Nicholas R. Lamb, and Jamey Garrett: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 3/25/2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**